## MUELLER v. MADISON BUILDING & LOAN ASSOCIATION.

Under Comp. Laws, §§ 3167, 3177, providing that by-laws of building and loan associations shall be subordinate to the statutes, and that the shares of stock shall be subject to a lien for unpaid installments, which may be enforced in the manner prescribed by the by-laws, a building and loan association has no authority to adopt a by-law providing for the forfeiture, without sale, of the shares of its members, for nonpayment of dues and fines.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Action by Earnest P. Mueller against the Madison Building & Loan Association. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Charles J. Porter*, for appellant.

*F. L. Soper*, for respondent.

HANEY. J. It is conceded that defendant is a building and loan association existing under, and controlled by, the provisions of Comp. Laws, §§ 3166–3184 inclusive. Its by-laws contain the following: "Sec. 16. Any person may become a member of this association by signing the articles of incorporation and by-laws of the same, and subscribing for at least one share of stock, of two hundred dollars, and paying the initiation fee of one dollar; provided that no minor shall be eligible to borrow money of the association." "Sec. 19. Subsequent monthly dues shall be paid on the first Monday of each calendar month thereafter. Should any member fail to pay his monthly dues when the same become due, he shall be fined for each delinquency, on each share held by him, as follows: For one month's delinquency, ten cents; for two months' delinquency, twenty cents; for three months' delinquency, fifty cents; at which time it may be optional with the board of directors to declare all such shares forfeited to the association, and the same may be canceled; provided, however, that in case of severe sickness or death the board of directors may remit any and all fines, as their judgment may dictate." Plaintiff subscribed for five shares of defendant's stock, upon which he paid monthly dues at the rate of $1 per share, from June 2, 1892, to and including July, 1894. On the first Monday in

August, 1894, he made default in the payment of dues, fines and penalties, and continued in default until December 21, 1894, when defendant, without notice, declared his stock forfeited, and canceled the same, without any sale thereof, and, without plaintiff's knowledge or consent, appropriated all the money paid thereon by plaintiff to its own use and benefit; refusing, after demand, to repay plaintiff any portion of such money, or any sum whatever for the withdrawal value of such shares. Plaintiff recovered judgment for the amount so paid, less certain fines found by the court to be due defendant under its by-laws, and defendant appealed.

The learned counsel for appellant frankly concedes that the forfeiture contemplated by its by laws, and attempted by defendant, if based on a contract, could not be sustained under the general laws of this state, but contends that it is permissible under the statutes creating and controlling the defendant association. Hence the only question presented by this appeal is whether such attempted forfeiture is authorized by the sections of the Compiled Laws heretofore cited. These sections contain the following provisions: "The by-laws of every corporation created under the provisions of this act or of those accepting the provisions of the same, shall be deemed and taken as its law, subordinate to this statute. * * * They shall prescribe the fines and penalties to be imposed upon delinquents and borrowers for the non-payment of dues, interest and premiums and such other matters as may be pertinent and necessary for the business to be transacted." Comp. Laws, § 3177. "Every share of stock shall be subject to a lien for the payment of unpaid installments and other charges incurred thereon under the provisions of the charter and by-laws, and

the by-laws may prescribe the form and manner of enforcing such lien. New shares of stock may be issued in lieu of the shares withdrawn or forfeited." Id. § 3167. These are the only provisions of the statute conceded tó be applicble to the case at bar which affect the right of defendant to declare shares of stock forfeited for nonpayment of monthly dues, and they certainly do not authorize the action contemplated by the defendant's by-laws, and taken by it in this instance. The statute expressly declares that the by-laws must be subordinate to itself. Such would be the law without an express enactment to that effect. A by-law providing for arbitrary forfeiture and cancellation of stock could be sustained, if at all, only by force of a statute expressly authorizing such proceeding. None such is authorized by the statute under consideration. On the other hand, it provides that "every share of stock shall be subject to a lien for the payment of unpaid installments and other charges incurred thereon," and that "the by-laws may prescribe the form and manner of enforcing such lien." A lien is not, and cannot be, enforced by forfeiture of the property subject to it. Evidently it was intended that the by-laws should provide the form and manner in which the lien should be enforced, by a sale of the shares subject thereto. In the absence of clear and explicit language indicating a different legislative intent, this is the only construction to be given the statute. This construction gives the law a reasonable operation, fair alike to both parties, and in harmony with recognized rules of justice and morality. We think defendant's by laws, so far as they contemplate forfeiture of stock for nonpayment of monthly dues, are not authorized by the statute, and are invalid. The judgment appealed from is affirmed.

In view of the statements contained in appellant's brief, respondent's additional abstract was wholly unnecessary, and he will not be allowed any costs for printing the same.